Filed 6/29/22  Showers v. Mathews CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MARK O. SHOWERS, as Trustee, etc.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERTA MATHEWS,<br><br>    Defendant and Appellant;<br><br>EDWIN BRADLEY,<br><br>    Appellant. | A163900<br><br>(Sonoma County<br>Super. Ct. No. SPR-094146) |

**MEMORANDUM OPINION[1]**

Defendant Roberta Mathews and her counsel appeal from the trial court's award of $11,300 in monetary sanctions against them pursuant to Code of Civil Procedure section 128.7.  We affirm.

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.

1

# I.

# BACKGROUND

## A. *Underlying Facts*

Delbert Joseph Mathews (Joe)[2] and Roberta Mathews first married in 1958. Joe and Roberta divorced in 1989. After the divorce, Joe married Zieta R. Mathews.

On October 10, 2000, Joe and Zieta, as husband and wife (settlors) executed the Mathews 2000 Trust (Trust). Three years later the settlors executed a first amendment to the Trust. In February 2015, Zieta died and Joe became the sole surviving settlor and trustee of the Trust.

In December 2015, Joe executed the first amendment to the survivor's trust, which amended the dispositive provisions of the survivor's trust created under the terms of the Trust. Roberta Mathews is a beneficiary of the survivor's trust, and under the terms of the first amendment to the survivor's trust, she is entitled to receive $50,000 upon Joe's death. Joe remarried Roberta in October 2018.

Joe died in February 2019. Upon his death, Mark O. Showers became the sole acting successor trustee of the Trust, including the survivor's trust. Mark served Roberta with a notification by trustee pursuant to Probate Code section 16061.7, and copies of the Trust, the first amendment to the Trust and the first amendment to the survivor's trust. The 120-day period to contest pursuant to Probate Code section 16061.7 expired on October 18, 2019.

---

[2] For ease of understanding, we refer to the parties by their first names. We intend no disrespect in doing so.

### B. Roberta's Omitted Spouse Petitions

On April 15, 2020, Roberta filed a verified objection and cross-petition as an omitted spouse, seeking an order to revoke or otherwise modify the Trust (first petition). Roberta alleged that she was an omitted spouse pursuant to Probate Code section 21610 et seq. and Joe did not intend to disinherit her. She sought an order affirming, among other things, that she was entitled to one-half of Joe's community property and quasi-community property.

The trial court set a hearing on whether the first petition was barred by the 120-day statute of limitations under Probate Code section 16061.8. Mark argued the first petition constituted the bringing of an action or contest under Probate Code section 16061.8. Roberta contended she was not contesting the Trust, but instead seeking a determination of her rights as a Trust beneficiary *and* as an omitted spouse under state law, and thus the first petition was not a contest or action within the meaning of Probate Code sections 16061.8 or 21310, subdivision (b).

The trial court ruled that the first petition constituted a contest under Probate Code section 16061.8 was time-barred by the 120-day limitation period. After this ruling, however, the trial court ordered further briefing on the additional issue of whether Roberta was nonetheless entitled to separately pursue her omitted spouse rights in the Trust proceeding under Probate Code sections 21610 and 13501.

The parties submitted further briefing, and in February 2021, the trial court ruled that Roberta's first petition was barred by the limitation period of Probate Code section 16061.8. The court noted the first petition, which requested the Trust be revoked, amounted to a contest within the meaning of section 16061.8. The court also found Roberta was a beneficiary of the

3

survivor's trust as amended and her first petition was therefore untimely. The trial court entered its order dismissing the first petition with prejudice. Roberta did not seek reconsideration of the order or appellate review.

The next month, Roberta filed a second verified claim of omitted spouse with a request for an evidentiary hearing and findings of fact and law pursuant to Probate Code sections 13501 and 21610 (second petition). Roberta's second petition again claimed she was the lawful spouse of Joe at the time of his death, that her interest in his estate was omitted, and that she is presumed to be an omitted spouse entitled to one-half of his estate. She included substantially the same set of facts as set forth in her first petition and included the same request that the trial court determine she is an omitted spouse under Probate Code section 21610.

Mark filed a demurrer to the second petition, arguing among other things that the attempt to relitigate the omitted spouse claim was improper, harassing, and frivolous, and was barred by res judicata and collateral estoppel based on the trial court's prior ruling on the first petition. Roberta filed an opposition.[3] The trial court sustained the demurrer without leave to amend on the ground the second petition was barred by res judicata. The trial court also observed that Roberta had not cited any new or different legal authority or facts warranting a reconsideration or reversal of the court's order on the first petition.

## C. *Sanctions Motion*

In June 2021, Mark filed a motion for sanctions against Roberta and her counsel, Edwin Bradley, under Code of Civil Procedure[4] section 128.7. Mark argued that the second petition was based on the same facts and law

---

[3] The opposition is not included in the record on appeal.

[4] Undesignated statutory references are to the Code of Civil Procedure.

4

that were the subject of the first petition, which the trial court had already ruled was barred by the statute of limitations. Mark argued the second petition was thus improper, frivolous, harassing, and obstructive, and was barred by res judicata and collateral estoppel.

In August, eight days after the court sustained the demurrer to the second petition without leave to amend, Roberta filed her opposition to the sanctions motion. The opposition contained less than two full pages of text with no citations to the second petition or any legal authority, and was unaccompanied by a declaration or request for judicial notice. Roberta's opposition argued that the second petition was filed not to relitigate issues already decided by the court, but "only to keep [Roberta's] claim before the Court so that it might be resolved in accordance with the law and precedent based on facts established at hearing." The opposition cursorily asserted that the second petition was not filed to revisit the statute of limitations ruling, to harass or oppress Mark or his counsel, to cause unnecessary delay, or to increase the cost of litigation, and was not frivolous. It also stated, again without citation to or discussion of authority, that "Roberta's claim as an omitted spouse is well established in California law and is plainly meritorious" and asserted that the "legal merits of [Roberta's] claims are known to the Court and are addressed more specifically" in the opposition to the demurrer to the second petition. In his reply brief, Mark pointed to the court's ruling sustaining the demurrer to the second petition without leave to amend and argued Roberta's repeated attempts to bring her omitted spouse claim in the Trust proceeding was improper.

After issuing a tentative ruling granting the motion for sanctions, the trial court heard argument from the parties. Attorney Bradley argued that "[t]he second petition . . . did not seek to break this trust," but "only to bring

to the Court's attention legal and equitable principles that pertain to [Roberta] as an omitted spouse of the decedent." He argued the court "could exercise [its] legal and . . . equitable powers, which are extremely vast and extremely broad to make sure this woman was not left out in the cold," and urged that the court "had the powers regardless of the 120-day period to find a way to craft some resolution for this woman." He also emphasized that there was "nothing bad faith" and "certainly . . . nothing frivolous" about the second petition. Mark's counsel argued that sanctions under section 128.7 do not require an improper motive or subjective bad faith, and urged the trial court to affirm its tentative ruling granting the sanctions motion.

In making its ruling, the trial court expressly noted, "I don't think there was necessarily any intent to engage in wrongdoing by counsel of any sort . . . . ," and accepted Bradley's representations about his conduct. The court concluded, however, that it would grant the sanctions motion because the second petition was "undisputedly [*sic*] without merit" and brought solely to relitigate the issue that had already been ruled upon based on the statute of limitations. On September 3, 2021, the trial court entered its order granting the sanctions motion and awarding Mark $11,300 in monetary sanctions against both Roberta and Bradley. Roberta and Bradley[5] timely appealed.

---

[5] The parties dispute whether Bradley has successfully maintained his appeal from the trial court's order. Mark observes the notice of appeal lists only Roberta as the defendant/respondent, but also indicates Edwin Bradley is attorney for "Respondent/Appellant Roberta Mathews & Edwin Bradley." However, Mark contends that other filings, including the certificate of interested entities or persons, the opening brief, and the motion to augment the record, suggest Bradley has abandoned his appeal. Consistent with our obligation to liberally construe the notice of appeal, the policy of the law favoring decisions on the merits, and the lack of prejudice to Mark, we conclude both Bradley and Roberta have appealed the September 3, 2021

## II.

## DISCUSSION

The sole issue on appeal is whether the trial court erred in imposing sanctions against Roberta and Bradley.

Under section 128.7, subdivision (b) parties and attorneys who present the court with pleadings or similar papers must certify that (1) the pleadings or papers are "not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," and that (2) "[t]he claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." (§ 128.7, subd. (b)(1)–(2).) Subdivision (c) authorizes the court to impose an "appropriate sanction" on parties, attorneys, or law firms that violate subdivision (b), or are responsible for violations of subdivision (b). (§ 128.7, subd. (c).)

In assessing whether a party or attorney has violated section 128.7, the trial court must determine whether the pleading or similar paper "was filed for an improper purpose or was indisputably without merit, either legally or factually." (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 440 (*Peake*); *Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 189 (*Bucur*).) "A claim is factually frivolous if it is 'not well grounded in fact' and it is legally frivolous if it is 'is not warranted by existing law or a good faith argument for the

order imposing monetary sanctions of $11,300 against them. (See *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882, 885 ["a reviewing court must construe a notice of appeal from a sanctions order to include an omitted attorney when it is reasonably clear that the attorney intended to join in the appeal, and [the] respondent was not misled or prejudiced by the omission"].) It is sufficiently clear from the arguments in the opening brief that Bradley challenges the trial court's sanctions order against him.

7

extension, modification, or reversal of existing law.' [Citation.] In either case, to obtain sanctions, the moving party must show the party's conduct in asserting the claim was objectively unreasonable. [Citation.] A claim is objectively unreasonable if 'any reasonable attorney would agree that [it] is totally and completely without merit.' " (*Bucur*, at p. 189.)

We review an order imposing sanctions under section 128.7 for abuse of discretion. (*Kumar v. Ramsey* (2021) 71 Cal.App.5th 1110, 1121.) "We presume the trial court's order is correct and do not substitute our judgment for that of the trial court. [Citation.] To be entitled to relief on appeal, the court's action must be sufficiently grave to amount to a manifest miscarriage of justice." (*Peake, supra,* 227 Cal.App.4th at p. 441.)

Bradley argues the trial court abused its discretion in issuing the sanctions order here because it "fail[ed] to make any findings in the record memorializing the basis of its determination that [Roberta] had violated the statute." We disagree.

When imposing sanctions under section 128.7, the trial court "shall describe the conduct determined to constitute a violation" of the statute "and explain the basis for the sanction imposed." (*Id.*, subd. (e).) Here, the trial court explained at the hearing on the motion that the second petition was "undisputedly [*sic*] without merit" and brought solely to relitigate an issue on which it had already ruled. Further, in its written order, issued after the hearing, the trial court expressly found that Roberta's omitted spouse claim was "ill-advised" because the court had "ultimately sustained the Trustee's demurrer to the claim, without leave to amend, on the grounds it was barred by *res judicata.*" The trial court concluded the second petition was "an attempt to relitigate the same matter previously conclusively decided in the trust action after extensive briefings and hearings." As the court explained,

8

"[a]t some point, dissatisfaction with an outcome must be addressed in a different forum, not simply repeatedly raised in the same action. The fact that Roberta has again sought what amounts to the same relief in this action via a new petition lends credence to the conclusion that the claim that is [the] subject of this motion was filed for an improper purpose or that was 'indisputably without merit' at the time it was filed . . . ." The trial court further observed that while "[z]ealous advocacy is one thing, repeated attempts to litigate an issue settled after a full and fair hearing, and continuing undue consumption of court and party resources without any new or different basis to do so, is quite another. (See, Code Civ. Proc., § 128.7[, subd.] (b); see also, *McCluskey v. Henry* (2020) 56 Cal.App.5th 1197, 1204–1205; *Peake*[, *supra*,] 227 Cal.App.4th [at p.] 440 . . . .)" Bradley and Roberta have failed to demonstrate that this description of their conduct was deficient or lacked a proper basis for the imposition of sanctions. (See *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1418 [trial court order imposing sanctions that simply stated that a motion was without legal support and for an improper purpose satisfied the requirements of § 128.7, subd. (e)].)

As the trial court's written order makes clear, the court specifically identified the conduct that constituted a violation of section 128.7 and its reasons for imposing sanctions so as to satisfy subdivision (e). The court explained that the second petition improperly sought to relitigate the matter conclusively decided in the first petition after "extensive briefings and hearings" and accordingly, was barred by res judicata. That finding is supported by the appellate record, which reveals that the second petition was based on substantially the same set of facts as the first petition, and like the first petition, asserted Roberta was an omitted spouse under Probate Code section 21610 entitled to one-half of Joe's estate. Because Roberta sought the

9

same relief in a new petition based on the same facts, the court appropriately determined the second petition was without merit. (See, e.g., *Bucur, supra,* 244 Cal.App.4th at p. 191 ["Filing a new complaint based on the same facts to evade a ruling made in a previous litigation constitutes sanctionable conduct under section 128.7."].)

Bradley also contends the trial court's order was an abuse of discretion because the court "expressly found no intention by counsel to engage in wrongdoing." But sanctions under section 128.7 do not require evidence of an improper motive or subjective bad faith.[6] (*Peake, supra,* 227 Cal.App.4th at p. 449; *Bucur, supra,* 244 Cal.App.4th at pp. 189–190.) Although the trial court acknowledged that Bradley apparently had no bad faith intent to engage in wrongdoing, it specifically found that the attempt to relitigate matters conclusively barred by res judicata was objectively without merit. Bradley has failed to show that ruling was an abuse of discretion.

In his opening brief on appeal, Bradley also argues sanctions are not warranted because Roberta's claims are supported by an important public policy protecting the rights of omitted spouses. Relying primarily on *Estate of Leonetti* (1981) 115 Cal.App.3d 378, 383, he contends Roberta's rights as an omitted spouse stand on their own in spite of the Trust and by operation of law.

Bradley failed to raise and support this argument with any legal authority in his opposition to the sanctions motion or at the hearing before the trial court. Accordingly, we deem the argument forfeited.[7] (See *Peake,*

_____

[6] Indeed, even Bradley argues, "[s]ection 128.7 provides the remedy for 'dishonest, reckless or *negligent* pleading practice.' " (Italics added, quoting *Bockrath v. Aldrich Chemical Co.* (1999) 21 Cal.4th 71, 82–83.)

[7] Even were we to consider the argument, however, we would reject it because Bradley had the opportunity to, and did, brief this legal issue in

10

*supra,* 227 Cal.App.4th at p. 443 ["Because a trial court has broad discretion in ruling on a sanctions motion, it is incumbent on the party opposing the motion to proffer all factual and legal theories showing the party's challenged assertions were not frivolous and had at least some merit. By failing to raise this theory before the trial court, the trial court was not provided the opportunity to evaluate the theory as part of its exercise of discretion. Thus, the point is forfeited."]; *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564.)

One other issue remains for our consideration. In the respondent's brief, Mark's counsel correctly notes that under section 128.7, subdivision (d)(1), sanctions awarded pursuant to section 128.7, subdivision (b)(2) cannot be imposed on the client for the conduct of the attorney. Under subdivision (b)(2), an attorney submitting a pleading to the court is certifying that the claims and legal contentions in it are warranted by existing law or a nonfrivolous argument for its extension, modification, or renewal. "However, sanctions may be awarded against a party if other conditions in subdivision (b) are violated, including paragraph (1), which precludes pleadings 'presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.' " (*Burkle v. Burkle* (2006) 144 Cal.App.4th 387, 402–403 [§ 128.7 sanctions against attorney and client were appropriate where the trial judge found client had

---

response to the trial court's request for supplemental briefing on the first petition. Bradley makes no effort to demonstrate his second petition asserting the same claim asserted in the first petition that Roberta was entitled to one-half of Joe's estate as an omitted spouse was not barred by res judicata as the trial court concluded. (See *Bucur, supra,* 244 Cal.App.4th at p. 191.)

caused the costs of litigation to increase by bringing her " 'unsupportable' " legal claim in " 'yet another Court' "].)

Here, it is somewhat unclear from the record whether the trial court found the second petition was filed for an improper purpose under section 128.7, subdivision (b)(1).[8] The order stated, "Roberta has again sought what amounts to the same relief in this action via a new petition[,] lend[ing] credence to the conclusion that the claim that is [the] subject of this motion was filed for an improper purpose or that it was 'indisputably without merit.' " The court's order also stated that "Zealous advocacy is one thing, repeated attempts to litigate an issue settled after a full and fair hearing, and continuing undue consumption of court and party resources without any new or different basis to do so, is quite another." These statements suggest the court found the second petition had been filed for an improper purpose. However, the trial court also expressly stated at the hearing on the sanctions motion, "I don't think there was necessarily any intent to engage in wrongdoing by counsel of any sort . . . . ," and accepted Bradley's representations about his conduct that he did not intend to delay the litigation or harass opposing counsel. In light of the ambiguity in the trial court's findings and order with respect to whether the second petition was filed for an improper purpose under section 128.7, subdivision (b)(1), we will reverse the award of sanctions against Roberta only.

---

[8] As discussed above, it *is* clear from the entire substance of the trial court's order and its remarks at the hearing that the court concluded the second petition was " 'indisputably without merit' " because it sought to relitigate an issue on which it had already ruled. (See § 128.7, subd. (b)(2); *Peake, supra,* 227 Cal.App.4th at p. 440.)

12

## III.

## DISPOSITION

The trial court's September 3, 2021 order is modified to award sanctions as against Edwin Bradley only.  In all other respects, the order is affirmed.  Respondent is to recover costs on appeal.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A163900
*Showers v. Mathews*

13